**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:26-cv-28409**

**YUMEI SHI**, an individual, and **JIANGXI SHIWEN TE KNITTING CO., LTD.**, a foreign company,

Plaintiffs,

vs.

**DAO FEI d/b/a FEIDOOG STORE**, an individual, and **HANGZHOU JIRUN TECHNOLOGY CO.**, a foreign corporation.

Defendants.
_______________________________________/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs, YUMEI SHI and JIANGXI SHIWEN TE KNITTING CO., LTD. ("Plaintiff"), by and through her undersigned counsel, brings this Complaint against Defendants, DAO FEI d/b/a FEIDOOG STORE and HANGZHOU JIRUN TECHNOLOGY CO. ("Defendants"), who are promoting, selling, offering for sale and distributing goods bearing or using unauthorized reproductions or derivatives of Plaintiff's Copyrighted Works within this district, and in support of their claims, allege as follows:

## SUMMARY OF THE ACTION

1. Plaintiffs bring this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of Copyrighted Works in violation of 17 U.S.C. §501, and for all the remedies available under the Copyright Act 17 U.S.C. § 101, *et seq*., and The All Writs Act, 28 U.S.C. § 1651(a).

## SUBJECT MATTER JURISDICTION

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3. This Court also has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 301.

**PERSONAL JURISDICTION**

4. Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Florida and this district, through at least their internet-based e-commerce store accessible in Florida.

5. Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of Florida cause Plaintiff injury in Florida, and Plaintiff's claims arise out of those activities.

6. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

**VENUE**

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are not residents in the United States and therefore there is no district in which an action may otherwise be brought. Defendants are thus subject to the Court's personal jurisdiction.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into



REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

this district.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this judicial district and therefore subject to the Court's personal jurisdiction.

**THE PLAINTIFF**

10. Plaintiff, YUMEI SHI, is domiciled and residing in China. Plaintiff owns and operates her business, JIANGXI SHIWEN TE KNITTING CO., LTD.

11. Plaintiff, YUMEI SHI, owns the copyrights described below that are the subject of this action, and Plaintiff, JIANGXI SHIWEN TE KNITTING CO., LTD., is the only authorized user of the copyrights.

12. Plaintiffs utilize the copyrights in connection with the advertisement, marketing and sale of retail items, as depicted therein, in interstate and foreign commerce, including commerce in the State of Florida and the Southern District of Florida.

13. The high volume infringement which occurs over the Internet has created an environment that requires Plaintiffs to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and themselves from the ill effects of infringement of the intellectual property rights.

**PLAINTIFF'S COPYRIGHT RIGHTS**

14. Plaintiffs registered the works with the Register of Copyrights as two-dimensional artworks, as partly detailed in the table below. True and correct copies of Copyrights Certificates of Registration and the Copyrighted Works they apply to are attached hereto as Composite Exhibit 1 (the "Copyrighted Works" or "Copyrights" or "Works").

| Copyright Image | Reg. No. | Reg. Date |
|---|---|---|



REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

| | | |
|---|---|---|
|  | VA 2-245-749 | 12/10/2024 |
|  | VA 2-245-747 | 12/10/2024 |
|  | VA 2-245-728 | 12/10/2024 |
|  | VA 2-245-743 | 12/10/2024 |
|  | VA 2-245-739 | 12/10/2024 |
|  | VA 2-245-740 | 12/10/2024 |



REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

| | | |
|---|---|---|
|  | VA 2-245-741 | 12/10/2024 |
|  | VA 2-245-742 | 12/10/2024 |
|  | VA 2-245-861 | 9/15/2024 |
|   | VA 2-245-863 | 9/15/2024 |
|  | VA 2-245-798 | 1/8/2025 |



REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

| | | |
|---|---|---|
|  | VA 2-245-790 | 1/8/2025 |
|  | VA 2-245-750 | 12/10/2024 |
|  | VA 2-245-751 | 12/10/2024 |
|  | VA 2-245-737 | 12/10/2024 |
|  | VA 2-245-729 | 12/10/2024 |

| | | |
|---|---|---|
|  | VA 2-413-141 | 6/22/2024 |
|  | VA 2-413-144 | 6/22/2024 |
|  | VA 2-413-159 | 6/22/2024 |
|  | VA 2-413-160 | 6/22/2024 |
|  | VA 2-413-140 | 6/22/2024 |
|  | VA 2-413-632 | 6/22/2024 |
|  | VA 2-413-700 | 6/22/2024 |



REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

| | | |
|---|---|---|
|  | VA 2-413-703 | 6/22/2024 |
|  | VA 2-413-162 | 6/22/2024 |
|  | VA 2-413-138 | 6/22/2024 |
|  | VA 2-413-705 | 6/22/2024 |
|  | VA 2-413-701 | 6/22/2024 |
|  | VA 2-413-704 | 6/22/2024 |



REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

| | | |
|---|---|---|
|  | VA 2-413-702 | 6/22/2024 |
|  | VA 2-413-633 | 6/22/2024 |

15. Genuine goods bearing Plaintiffs' Copyrighted Works are legitimately sold by Plaintiffs.

16. Plaintiffs have never granted authorization to anyone else to advertise, market, or promote unauthorized goods using Plaintiffs' Copyrighted Works.

**DEFENDANTS**

17. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

18. Defendant, DAO FEI d/b/a FEIDOOG STORE, is, upon information and belief, an individual residing in China. Defendant, HANGZHOU JIRUN TECHNOLOGY CO., is, upon information and belief, a company which operates from China.

19. Defendants are both identified as Sellers for the infringing products and listings herein, and do so by jointly operating a single Amazon seller account.

20. Defendants are engaged in business in Florida but have not appointed an agent for service of process. Upon information and belief, Defendants have jointly registered, established, or purchased, and maintained their Amazon seller account.

21. Defendants target their business activities toward consumers throughout the United

States, including within this district, through the simultaneous operation of a joint Amazon seller account.

22. Defendants directly engage in unfair competition with Plaintiff by advertising, offering for sale, and selling goods infringing Plaintiff's intellectual property rights to consumers within the United States and this district through their joint Amazon seller account.

23. Defendants have purposefully directed some portion of their illegal activities towards consumers in the state of Florida through the advertisement, offer to sell, sale, and/or shipment of infringing goods into the State.

24. Upon information and belief, Defendants will likely continue to register or acquire new online storefronts for the purpose of selling and offering for sale bearing or using unauthorized reproductions or derivative works of Plaintiffs' copyright unless preliminarily and permanently enjoined.

25. Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiffs' copyright, including due to a prior litigation between the parties, and has continued to willfully violate Plaintiffs' intellectual property.

**DEFENDANTS' INFRINGING ACTIVITIES**

26. Defendants are promoting, advertising, distributing, selling, and/or offering for sale infringing goods in interstate commerce bearing or using unauthorized reproductions or derivatives of Plaintiffs' Copyrighted Works (the "Infringing Goods") through their joint Amazon seller account. Screenshots evidencing Defendants' infringement are attached hereto as Composite Exhibit 2.

27. Defendants are using infringements of the Copyrighted Works to initially attract online customers and drive them to Defendants' e-commerce stores operating under their joint Amazon seller account.

28. Plaintiffs have used the Copyrighted Works extensively and continuously before Defendants began offering goods bearing or using unauthorized reproduction or derivative works of Plaintiffs' Copyrighted Works.

29. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Goods without authority to use the Copyrighted Works.

30. Defendants advertise their Infringing Goods offered for sale, to the consuming public via their joint Amazon seller account.

31. In so advertising their store and products, Defendants improperly and unlawfully use reproductions or versions of the Copyrighted Works, or derivatives thereof, without Plaintiffs' permission.

32. Specifically, Defendants are using infringements of the Copyrighted Works in order to make their e-commerce stores appear more relevant and attractive to consumers searching for both Plaintiff's goods and goods sold by Plaintiffs' competitors online.

33. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiffs' genuine goods.

34. Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiffs and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiffs' genuine listings and good on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with Plaintiffs' business and intellectual property assets, and (iii) increasing Plaintiffs' overall cost to market its goods and educate consumers via the Internet.

35. Defendants are concurrently conducting and targeting their infringing activities



REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

toward consumers and likely causing unified harm within this district and elsewhere throughout the United States.

36. As a result, Defendants are defrauding Plaintiffs and the consuming public for Defendants' own benefit.

37. Defendants' use of the Copyrighted Works, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Plaintiffs' consent or authorization.

38. Defendants are engaging in the above-described illegal infringing and counterfeiting activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiffs' rights. Following a prior litigation, in which Defendants were expressly made aware of Plaintiff's Copyrights, Defendants continue to knowingly and willfully infringe on Plaintiffs' Copyrights. Screenshots of that ongoing infringement is attached hereto as Composite Exhibit 3.

39. If Defendants' intentional infringing and counterfeiting activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be harmed.

40. Defendants joint Amazon seller account, is being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their infringing activity.

41. Plaintiffs are suffering irreparable injury and have suffered substantial damages as a result of Defendants' unauthorized and infringing activities and their wrongful use of Plaintiffs' intellectual property rights.

42. If Defendants' infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be



REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

harmed.

43. The harm and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Infringing Goods.

44. Defendants have sold their infringing products in competition directly with Plaintiffs' genuine listings and products.

45. Plaintiffs should not have any competition from Defendants because Plaintiffs never authorized Defendants to use Plaintiffs' copyright.

46. Plaintiffs have no adequate remedy at law.

**COUNT I – COPYRIGHT INFRINGEMENT**

47. Plaintiffs incorporates the allegations of paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. Plaintiffs have complied in all respects with the Copyright Act of the United States and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyright at issue in this action.

49. Pursuant to 17 U.S.C. § 411(a), Plaintiffs registered copyright for her Works.

50. Defendants directly infringed Plaintiffs' exclusive rights in the copyright registered Works under 17 U.S.C. § 106.

51. Defendants copied, displayed, and distributed Plaintiffs' Copyrighted Work and/or prepared derivative works based upon Plaintiffs' Copyrighted Works in violation of Plaintiffs' exclusive rights under 17 U.S.C. §106(1), (2) and/or (5).

52. Defendants' conduct constitutes willful and direct copyright infringement of Plaintiffs' Copyrighted Works.



REINER & REINER, P.A.
ONE DATRAN CENTER • 9100 SOUTH DADELAND BLVD • SUITE 901 • MIAMI • FLORIDA • 33156 • TEL: 305 670-8282 • FAX: 305 670-8989

53. Defendants profited from the direct infringement of the exclusive rights of Plaintiffs in the Works at issue in this case under the Copyright Act.

54. Defendants' infringement is not limited to the copyright infringement listed above. Plaintiffs will identify such additional infringement after discovery.

55. On information and belief, there is a business practice of infringement by Defendants.

56. On information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

57. Plaintiffs have been damaged by the infringement.

58. The harm to Plaintiffs is irreparable.

59. Plaintiffs are entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

60. Plaintiffs are entitled to recover actual damages and/or statutory damages, at their election.

61. Plaintiffs are entitled to recover reasonable costs and attorneys' fees incurred in this action.

**WHEREFORE**, Plaintiffs demand judgment against Defendants and an award of equitable relief and monetary relief against Defendants as follows:

a. Entry of injunctive relief pursuant to 17 U.S.C § 502 and 503 and Federal Rule of Civil Procedure 65.

b. Entry of an order authorizing seizure, impoundment and/or destruction of all of the products or articles used to perpetrate the infringing acts pursuant to 17 U.S.C. § 503.



REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

c. Entry of an order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' copyright infringement, or statutory damages (at Plaintiffs' election), for all infringements involved in the action, with respect to any one work, for which either Defendant is liable individually, or for which Defendants are liable jointly and severally with another, in a sum of not less than $750 or more than $30,000 as the Court considers just pursuant to 17 U.S.C. §504(c)(1), or to the extent the Court finds that infringement was committed willfully, an award of statutory damages to a sum of not more than $150,000 per violation, pursuant to 17 U.S.C. §504(c)(2).

d. Entry of an award pursuant to 17 U.S.C. § 505 of Plaintiff's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action.

e. Entry of an award of pre-judgment interest on the judgment amount.

f. Entry of an Order for any further relief as the Court may deem just and proper.

**DATED: November 23, 2026**

Respectfully Submitted,

**REINER & REINER, P.A.**
*Counsel for Plaintiffs*
9100 South Dadeland Blvd., Suite 901
Miami, Florida 33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com; eservice@reinerslaw.com

By: ______________________________
**DAVID P. REINER, II, ESQ.**; FBN 416400